IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BLAKE R. HALL, JR., *pro se*,   *

    Petitioner,   *

       v.   *   CRIMINAL NO.: WDQ-07-0543
                                     CIVIL NO.: WDQ-10-1416

UNITED STATES OF AMERICA,   *

    Respondent.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Blake R. Hall, Jr. pled guilty to aiding and abetting a false statement in connection with the acquisition of a firearm, and was sentenced to 84 months imprisonment. Pending is Hall's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court has determined that no hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, the motion will be denied.

I.   Background

Hall stipulated to the following facts at the February 11, 2008 rearraignment. *See* Rearraignment Hr'g Tr. 13-16. On September 12, 2006, a Baltimore County police officer responded to a report that a firearm had been stolen from Hall's home in Dundalk, Maryland. *Id*. at 13. When the officer arrived, Hall told him that a .38 caliber handgun had recently been stolen

1

from the house. *Id*. Hall also told the officer that he was a convicted felon, and, for that reason, had asked his wife to purchase the handgun for him in 2003. *Id*. The officer contacted the Baltimore County Police Department's firearm violence team about Hall's statements, and a detective from the team obtained a search warrant for Hall's house. *Id*. The search revealed a number of hunting rifles, a box of .38 caliber shells, and documents indicating that Hall's wife had purchased the stolen .38 caliber handgun in October 2003 from a sporting goods store. *Id*. at 14. Hall's wife had signed the documents and made statements to the store's employees that she was buying the gun for herself and no one else. *Id*. Hall and his wife knew the statements were false and that they were made because Hall's wife was buying the gun for Hall. *Id*. at 14-15. The statements were material to the store's decision to complete the sale of the gun, and the store was a federally-licensed firearms dealer at the time of the sale. *Id*. at 15.

On February 11, 2008, Hall pled guilty to aiding and abetting a false statement in connection with the acquisition of a firearm in violation of 18 U.S.C §§ 922(a)(6) and 2. Paper No. 33. The parties agreed that Hall's total offense level was 23, after a two-level downward adjustment under U.S.S.G. § 3E1.1(a)and the Government's motion under U.S.S.G. § 3E1.1(b) at

sentencing for an additional one-level downward adjustment for prompt acceptance of responsibility. Rearraignment Hr'g Tr. 8-9; Plea Agreement ¶ 6. They also agreed that Hall's criminal history category was V.[1] Hall's advisory guidelines range was 84-105 months. *Id*. On August 7, 2008, the Court sentenced Hall at the bottom of the advisory guidelines range to 84 months imprisonment. Paper No. 39. Hall noted an appeal on August 12, 2008, which was dismissed on June 22, 2009. Paper Nos. 41, 48. On May 28, 2010, Hall filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

II. Analysis

In support of his § 2255 motion, Hall argues that counsel was ineffective because he did not thoroughly investigate Hall's prior convictions. Hall contends that three of his seven prior convictions were "uncounseled," and that counsel should have challenged the use of these convictions in the computation of his criminal history category. Hall argues that invalid felony convictions accounted for 9 of his 11 criminal history points. He maintains that if counsel had challenged the convictions his criminal history category would have been lower, and he would have received a lesser sentence.

---

[1] Hall had convictions for misdemeanor and felony theft, robbery with deadly weapon, uttering, battery and second degree assault.

A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Hall must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id*. at 687. To show deficient performance, Hall must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id*. at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

1. Counsel's Performance

As Application Note Six to § 4A1.2 of the Guidelines states, "[s]entences resulting from convictions that . . . have been ruled constitutionally invalid in a prior case are not to be counted[.]" The proper way to have a prior conviction "ruled constitutionally invalid in a prior case" is a petition for coram nobis. Here Hall has merely asserted the invalidity of his prior convictions; he has not offered evidence for that assertion. A defendant alleging that prior convictions were obtained in violation of the right to counsel bears the burden of proving invalidity. *See United States v. Jones*, 977 F.2d

4

105, 110 (4th Cir. 1992). Thus, to the extent that Hall's § 2255 motion seeks to collaterally attack these convictions--in addition to challenging counsel's failure to do so--it must be denied. *See also Phillips v. United States*, 2009 WL 28228025 (N.D. W. Va. 2009) (rejecting claim raised in a § 2255 motion that counsel was ineffective for failing to challenge use of uncounseled state convictions because petitioner failed to carry burden of proof).

Hall's contention that counsel failed to "investigate" his criminal history is contradicted by the sentencing transcript, which Hall attached to his § 2255 motion. Paper 50, Ex. 1. Hall's counsel referred to the three allegedly uncounseled convictions. Sentencing Hr'g Tr. 9-10. Counsel argued that these convictions--and Hall's criminal history--overrepresented the seriousness of his past criminal conduct and did not predict the likelihood that Hall would reoffend. *Id*. at 9. Counsel used the allegedly uncounseled convictions in support of his argument that the § 3553(a) factors merited a sentence below the guidelines range. Counsel's decision to use these convictions in his § 3553(a) argument was reasonable. Hall has not shown a

failure to investigate.[2] Accordingly, he has not shown that his attorney was constitutionally ineffective.

III. Conclusion

As Hall has not shown that counsel's performance was deficient, his motion to vacate, set aside, or correct sentence will be denied.

September 2, 2010  /s/
Date  William D. Quarles, Jr.
  United States District Judge

---

[2] Had Hall shown that three of his felony convictions were invalid, an 84-month sentence would still have been appropriate in light of his remaining convictions. Section 4A1.3 states that "if reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."